UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE BOMBER,

      Plaintiff,

v.

COMMUNICARE MICHIGAN LLC *et al.*.

      Defendants.
_____/

Case No. 16-cv-11943
Hon. Matthew F. Leitman

**ORDER (1) GRANTING DEFENDANT FIEGER & FIEGER P.C.'S MOTION TO DISMISS (ECF #9), (2) DISMISSING ALL STATE LAW CLAIMS WITHOUT PREJUDICE AGAINST ALL DEFENDANTS, (3) DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT, AND (4) TERMINATING DEFENDANT LAWRENCE J ACKER, P.C.'S MOTION TO DISMISS (ECF #18) AS MOOT**

On May 27, 2016, Plaintiff Eugene Bomber ("Bomber") filed a ten-count Complaint against Defendants Communicare Michigan LLC ("Communicare"), Tampa Bay Holdings, LLC ("Tampa Bay"), Lawrence J. Acker, P.C. (the "Acker Firm"), and Fieger & Fieger, P.C. (the "Fieger Firm") (the "Complaint"). (*See* ECF #1.) The Complaint includes ten counts: one federal claim for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), brought against Communicare, Tampa Bay, and Acker only, and nine state law claims, including claims for violations of the Michigan Consumer Protection Act and the Michigan Occupational Code. (*See id.*) Bomber alleges that the Court has

1

original jurisdiction over this action under 28 U.S.C § 1331 because he has asserted a claim under the FDCPA, and supplemental jurisdiction over his state-law claims under 28 U.S.C § 1367. (*See id.*)

On September 30, 2016, the Fieger Firm filed a motion to dismiss (the "Fieger Motion"). (*See* ECF #9.) The Acker Firm filed a motion to dismiss on October 20, 2016 (the "Acker Motion"). (*See* ECF #18.) The Court held a hearing on both motions on December 20, 2016.

In the Fieger Motion, the Fieger Firm argues, among other things, that the Court should exercise its discretion to decline supplemental jurisdiction over the state-law claims Bomber has brought against the firm. (*See* Fieger Motion at 2-4, ECF #9 at 5-7, Pg. ID 101-03.) For the reasons stated on the record, the Court agrees and declines supplemental jurisdiction over the state-law claims Bomber has brought against the Fieger Firm. It therefore **GRANTS** the Fieger Motion and **DISMISSES WITHOUT PREJUDICE** Bomber's claims against the Fieger Firm.

In addition, on its own motion and for the reasons stated at the hearing, the Court declines to exercise supplemental jurisdiction over **all** of the state-law claims in Bomber's Complaint. Each of the state-law claims brought in counts 2-10 of the Complaint are therefore **DISMISSED WITHOUT PREJUDICE**.

Finally, on its own motion and for the reasons stated on the record, the Court **ORDERS** Bomber to file a First Amended Complaint by no later than

2

**January 31, 2017**. The First Amended Complaint shall include allegations that precisely allege how each named Defendant qualifies as a "debt collector" under the FDCPA and how each named Defendant violated the FDPCA. Any Defendant named in the First Amended Complaint shall answer or otherwise respond to the First Amended Complaint by no later than **March 1, 2017**. The Court further **TERMINATES** the Acker Motion (ECF #18) as moot.

**IT IS SO ORDERED.**

Dated: December 20, 2016

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

3